MEMORANDUM OPINION
{¶ 1} On March 22, 2004, appellant, Sharon Talbott, filed a notice of appeal from a March 1, 2004 judgment of the Trumbull County Court of Common Pleas. On June 12, 2004, this court issued a judgment entry ordering appellant to show cause why this appeal should not be dismissed due to lack of a final appealable order. Specifically, this court noted that appellant's claims against two defendants, Autumn Hills Care Center, Inc. and Anthem Benefit Administrators, Inc., had not yet been resolved and, further, that the trial court did not make the Civ.R. 54(B) determination that there was no just reason for delay.
 {¶ 2} On June 24, 2004, appellant filed a brief in response to our order in which she argued that the trial court's judgment constitutes a final appealable order and, therefore, this appeal should not be dismissed. Appellee, Cincinnati Insurance Company, has not filed a response.
 {¶ 3} It is clear from the record that there were numerous defendants named in the underlying suit. Two of those defendants are Autumn Hills Care Center, Inc. and Anthem Benefit Administrations, Inc. Neither of these defendants were addressed by the trial court in its March 1, 2004 judgment that is being appealed. Nor have either of these defendants been disposed of by any prior judgment. Accordingly, it appears that both defendants are still parties in the underlying case.
 {¶ 4} Additionally, the trial court did not use Civ.R. 54(B) language in its judgment. Civ.R. 54(B) provides:
 {¶ 5} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 6} Based upon the foregoing analysis, this court issued its "show cause" judgment.
 {¶ 7} Appellant now asserts that the only claims against these two defendants in this declaratory judgment action were to seek a declaration that they could not enforce their rights of subrogation or reimbursement prior to appellant being fully compensated for all of her damages. Thus, appellant alleges that those claims became moot when the trial court granted summary judgment in favor of appellee.
 {¶ 8} While appellant may be correct in her assertion that the claims against Autumn Hills Care Center, Inc, and Anthem Benefit Administrators, Inc. are now moot, this court will not make a decision based upon conjecture or speculation. Until those defendants are dismissed from the case or otherwise disposed of by the trial court, no final appealable order exists.
 {¶ 9} Accordingly, this appeal is hereby, sua sponte, dismissed due to lack of a final appealable order.
 {¶ 10} Appeal dismissed.
Christley, J., Rice, J., concur.